IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**THOMAS HOOGHE**                                                            **PETITIONER**

**V.**                                              **CIVIL ACTION NO. 3:17CV369 TSL-LRA**

**WARDEN FRANK SHAW**                                                   **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Thomas Hooghe filed a petition for writ of habeas corpus relief on May 16, 2017. Respondent has filed a response asserting that the petition is time barred pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996. Alternatively, Respondent argues that the petition should be dismissed for failure to exhaust available state court remedies. As a thorough review of the records supports the Respondent's contention of untimeliness, the undersigned recommends that the petition be dismissed.

In 2014, Thomas Hooghe pleaded guilty to two counts of grand larceny, and one count of motor-vehicle theft in Madison County Circuit Court Cause No. 2014-0258. He also pleaded guilty to one count of grand larceny in Madison County Circuit Court Cause No. 2014-0413. On September 29, 2014, he was sentenced to a total of 45 years imprisonment. In the first cause, he was sentenced as a subsequent offender to a 15-year term for motor-vehicle theft, and a 10-year term on each of the grand larceny counts. In the second cause, he was sentenced to a 10-year term on the single count of grand

larceny. All sentences were ordered to run consecutively in the custody of the Mississippi Department of Corrections.[1]

Following his convictions, Hooghe filed several post-conviction motions in the state courts. On December 30, 2014, he filed an unsworn motion for post-conviction relief, signed December 23, 2014, challenging his convictions in Cause No. 2014-0258. On February 9, 2015, he filed an unsworn motion to amend his petition for post-conviction relief, signed February 3, 2015, to challenge his conviction in Cause No. 2014-0413. Both motions were denied by the Madison County Circuit Court on March 4, 2015, pursuant to Miss. Code Ann. § 99-39-11 (2). Aggrieved, Hooghe filed a Notice of Appeal. The Mississippi Court of Appeals affirmed the circuit court's decision on March 29, 2016, "without prejudice, so that Hooghe may refile a procedurally proper PCR motion with the circuit court within the applicable statute of limitations." *Hooghe v. State*, 187 So.3d 682, 682 (Miss. Ct. App. 2016). The appellate court noted that Hooghe's post-conviction motions were improper because they "did not include a sworn statement of specific facts," nor were they "accompanied by a verified oath" as required under state law. *Id.* at 683 (citing *Walton v. State*, 165 So.3d 516, 522 (Miss. Ct. App. 2015)); *see also* Miss. Code Ann. § 99-39-9(3) (Rev. 2015). After the mandate issued on April 19, 2016, Hogue filed a second motion for post-conviction relief in Madison County Circuit Court, stamped as "filed" on May 19, 2016. The motion was found to be without merit and denied on July 7, 2016. Aggrieved, Hooghe filed a second Notice of

---

[1] ECF No. 11-1.

2

Appeal on July 22, 2016, which was still pending when the instant petition was filed. Of note, the appellate court's website reflects the circuit court's denial was affirmed by the Mississippi Court of Appeals on October 3, 2017. *Hooghe v. State,* No. 2016-C9-01039-COA, 2017 WL 4385926 (Miss. Ct. App. Oct. 3, 2017), https://www.courts.ms.gov. The instant petition, signed April 31, 2017, was filed in this Court on May 16, 2017.[2]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[2] ECF No. 11-1 – 11-10.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court. Notwithstanding the statutory prohibition, the Mississippi Supreme Court has historically carved out an exception permitting appeals from a guilty plea within 30 days for challenges to the legality of the sentence. *See Sanders v. Cabana*, 2:04CV273 P-A, 2005 WL 1240784 (N.D. Miss. May 19, 2005). Miss. Code Ann. § 99-35-101 (Supp. 2009)[3] has now been amended to expressly prohibit appeals when the defendant enters a plea of guilty. As a result, state courts no longer apply the 30-day

---

[3]Miss. Code Ann. § 99-35-101 (Supp. 2009) provides that:

> Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a guilty plea and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.

4

exception to guilty pleas entered after July 1, 2008, the effective date of the amendment. *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010); *Burroughs v. State,* 9 So.3d 368, 374 (Miss. 2009) (noting that guilty pleas entered prior to the 2008 amendment should be analyzed in accordance with the court's interpretation of this section as it existed).

Hooghe's conviction therefore became final on September 29, 2014, the date he was sentenced by the trial court. To toll the statute of limitations, he was required to file a motion for post-conviction collateral relief in state court on or before September 29, 2015. Although Hooghe filed his first post-conviction motion in December 2014, it was not a "properly filed" motion warranting statutory tolling under 28 U.S.C. § 2244(d)(2). Petitioner's second state habeas petition, while properly filed, was filed after AEDPA's one-year statute of limitations expired. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition). Absent statutory or equitable tolling, his federal habeas petition filed on May 16, 2017 (signed on April 31, 2017) is untimely.

Hooghe does not deny that his petition is untimely, and he has filed no response or otherwise challenged the motion to dismiss. He has thus failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the statute of limitations. None of AEDPA's other statutory exceptions are applicable in this case, and none of Petitioner's remaining arguments are relevant or warrant tolling of the statute of limitations. The undersigned finds that Petitioner's habeas petition is time-barred and

5

recommends that it be dismissed with prejudice. Because the Court so finds, it need not address Petitioner's failure to exhaust state court remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on February 2, 2018.

    s/ Linda R. Anderson    
UNITED STATES MAGISTRATE JUDGE
